UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re:                                    )
                                          ) Case No: 16-52298
CHGC, Inc.,                               )
                                          ) Chapter 11
        Debtor in Possession.           )
                                          ) Honorable Alan M. Koschik
                                          )

**MOTION OF FIFTH THIRD BANK TO DISMISS
OR CONVERT PURSUANT TO 11 U.S.C. § 1112(b)**

      Secured creditor Fifth Third Bank ("Fifth Third"), an Ohio banking corporation, by and through the undersigned counsel, respectfully files this Motion for an Order dismissing or converting the case pursuant to 11 U.S.C. § 1112(b). For the reasons set forth below, Fifth Third believes cause exists for conversion or dismissal of this case.

**Jurisdiction**

      1.     This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334, and this is a core proceeding within the meaning 28 U.S.C. § 157(b)(2)(A).

**Factual Background**

      2.     CHGC, Inc. ("Debtor") filed its voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on September 21, 2016 (the "Petition Date"). Debtor is the fee owner of three parcels of real property (Parcel Nos. 025-01D-03-006; 025-01D-03-008; and 025-01D-03-019) on which it operates a golf course and banquet facility commonly known as the Cherokee Golf Course, 5740 Center Road, Valley City, Ohio 44280 (the "Real Estate").

1

3. Fifth Third has three loans to the Debtor which are evidenced by the following promissory notes (collectively the "Notes"):

    a. *Term Note* from Debtor to Fifth Third dated November 1, 2012, in the principal amount of $2,723,520.35, Note No. XXXXXXXXXX-XXX18 ("Note 1");

    b. *Term Note* from Debtor to Fifth Third dated November 1, 2012, in the principal amount of $162,685.60, Note No. XXXXXXXXXX-XXX34 ("Note 2"); and

    c. *Note* executed and delivered by Debtor to Fifth Third, dated January 24, 2007, in the principal amount of $310,000.00, Note No. XXXXXXXXXX-XXX26 ("SBA Note").

4. The Notes are each secured by the following Mortgages encumbering the Real Estate (collectively, the "Mortgages"):

    a. *Open-End Mortgage and Security Agreements* dated November 27, 2006, and recorded on November 27, 2006, as Instrument No. 2006OR37099, Medina County Records;

    b. *Open-End Mortgage and Security Agreements* dated November 27, 2006, and recorded on February 9, 2007, as Instrument No. 2007OR003573, of the Medina County Records;

    c. *Open-End Mortgage and Security Agreement* dated November 28, 2012, and filed of record August 6, 2013, as Instrument No. 2013OR021084, of the Medina County Records; and

d. *Open-End Mortgage and Security Agreement* dated January 24, 2007, and filed of record February 9, 2007, as Instrument No. 2007OR003572, of the Medina County Records.

5. In addition, the SBA Note is also secured by a *Security Agreement* dated January 24, 2007 from Debtor to Fifth Third which grants a security interest in all assets of the Debtor as more fully described therein, which includes all revenues of the Debtor (the "Personal Property" together with the Real Estate, the "Property").

6. Fifth Third perfected its security interest in the Personal Property by filing a UCC-1 Financing Statement, No. OH00107736158, on October 18, 2006, which was continued by Continuation Statements, on August 10, 2011 as Document No. 20112220212, and on August 3, 2016 as Document No. 20162160146 with the Ohio Secretary of State.

7. As of the Petition Date, there was the following due and owing to Fifth Third:

   a. On Note 1, there was due and owing $2,677,600.66 in principal, $491,185.48 in interest, $1,032.45 in late charges, $42,962.95 in legal expenses, and $3,625.00 in appraisal fees, for a total due of $3,216,406.54.

   b. On Note 2, there was due and owing $155,516.95 in principal, and $31,970.16 in interest, for a total due of $187,487.11.

   c. On the SBA Note, there was due and owing $231,414.06 in principal, $29,431.37 in interest, and $3,454.75 in late charges, for a total due of $264,300.18.

8. The Debtor stopped making payments on the Notes in <u>October 2013</u> and has not made a single payment to Fifth Third since that time. As a result, Fifth Third commenced a

foreclosure action in the Medina County Common Pleas Court on February 7, 2014, Case No. 14-CIV-00144 (the "Foreclosure"), which remains pending but stayed as to the Debtor.

9. The Foreclosure was stayed on June 12, 2014, when Debtor filed its first chapter 11 bankruptcy petition (the "2014 Bankruptcy"). Fifth Third obtained relief from stay in the 2014 Bankruptcy, which was dismissed in October 2014 for the Debtor's failure to file monthly financial statements, open Debtor-in-Possession bank accounts, and to otherwise comply with the U.S. Trustee's Operating Guidelines and Reporting Requirements, among other issues.

10. After dismissal of the 2014 Bankruptcy, Fifth Third obtained the appointment of a receiver over the Property to operate and collect all income and revenues from the Real Estate pursuant to the Entry Appointing Receiver entered on December 19, 2014 ("Receiver Order").

11. Debtor immediately appealed the Receivership Order and obtained an order staying the receivership[1].

12. After over a year and a half, on September 14, 2016, the Ninth District Court of Appeals issued their Decision and Journal Entry affirming the trial court's entry of the Receivership Order. Faced with the fact that a receiver was going to take over the Property and collect the income and revenues (part of Fifth Third's collateral), Debtor filed this bankruptcy seven days later.

13. Fifth Third notified Debtor's counsel in writing on September 22, 2016, that Debtor did not have its consent to use Fifth Third's cash collateral.

14. In the past three years, Fifth Third has not received a single payment from the Debtor. The last financial statement received was dated December 31, 2013 and the last tax return provided by Debtor was for 2012. Further, Fifth Third has not been provided a budget.

---

[1] Medina County Common Pleas Court did not proceed with the remaining foreclosure claims while the appeal of the Receivership Order was pending; therefore the entire Foreclosure was effectively stayed by the appeal.

4

15. The last evidence of insurance provided to Fifth Third expired June 1, 2016.

16. Fifth Third believes that the Property has been mismanaged by the Debtor causing continuing loss to and diminution of the value of the Property and to the Debtor's business as a whole.

17. Fifth Third obtained appraisals of the Real Estate in 2013 and 2014 and there was a significant drop in value from 2013 to 2014. Fifth Third attempted to have the Property appraised in 2015, but Debtor refused to provide access to the Property and business records to Fifth Third's third party appraiser.

18. Debtor has indicated on its petition that that it has fallen behind on payments to its food vendor, despite having additional cash from not making mortgage payments in three years.

19. Upon information and belief, on November 29, 2012, the Debtor was notified by the Ohio EPA that it had failed to submit a plan for improvements to the wastewater treatment plant and was in violation of the National Pollutant Discharge Elimination System permit. The Ohio EPA sent Debtor a second violation notice on August 21, 2015. Fifth Third believes that the issues identified by the EPA have yet to be remedied and will cost in excess of $100,000.

<b><u>Law and Argument</u></b>

**A. Cause Exists Under Section 1112(b).**

20. Section 1112(b) of the Bankruptcy Code provides for the conversion or dismissal of a Chapter 11 case, whichever is in the best interest of creditors and the estate, for cause. Once cause is established, a conversion or dismissal is mandated unless unusual circumstances establish conversion or dismissal is not in the best interest of creditors. 11 U.S.C. § 1112(b)(1) & (2). The Bankruptcy Code does not define cause, but states that cause includes the following:

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

(B) gross mismanagement of the estate;

(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;

(E) failure to comply with an order of the court;

(F) unexcused failure to satisfy timely any filing or reporting requirements established by this title or by any rule applicable to a case under this chapter;

(G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

(H) failure to timely provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);

(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

11 U.S.C. § 1112(b)(4).

21. Cause for conversion or dismissal enumerated in 11 U.S.C. § 1112(b) is not exclusive and the court has discretion in determining cause. *In re Visicon Shareholder Trust,* 478 B.R. 292, (6th Cir. 2012); *In Gonic Realty Trust,* 909 F.2d. 624 (1st Cir. 1990). Once cause is established, the bankruptcy court has broad discretion to determine whether conversion or dismissal is in the best interest of creditors and the estate. *Gilroy v. Ameriquest Mortgage Co.,* 2008 WL 4531982 (B.A.P. 1st Cir. 2008).

**(i)     Substantial or Continuing Loss to the Estate**

22. "[S]ubstantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" constitutes grounds for dismissal pursuant to §1112(b)(4)(A) of the Bankruptcy Code. A movant must show both a continuing loss or

6

diminution and the absence of a reasonable likelihood of rehabilitation. *In re Fall,* 405 B.R. 863, 867 (Bankr. N.D. Ohio 2008), aff'd 2009 WL 974538 (N.D. Ohio 2009).[2]

23. Whether a debtor has suffered continuing losses or diminution of the estate, the court looks to both the financial prospects of the debtor and the financial records filed with the court. Negative cash flow and an inability to pay current expenses as that come due can satisfy the continuing loss or diminution of the estate standard for purposes of §1112(b). *In re AdBrite Corp.* 290 B.R. 209, 215 (Bankr. S.D.N.Y. 2003); *In re Motel Properties, Inc.,* 314 B.R. 889, 894 (Bankr. S.D. Ga. 2004); *In re Route 202 Corp. t/a Lionti's Villa,* 37 B.R. 367, 374 (Bankr.E.D. Pa. 1984); *In re Galvin,* 49 B.R. 665, 669 (Bankr. D.N.D. 1985).

24. Rehabilitation is more than reorganization. *Fall,* 405 B.R. at 867-68. It signifies something more, such as "to put back in good condition" or "to re-establish on a firm, sound basis." *Id.* It contemplates the successful maintenance or reestablishment of debtor's business operations. *Canpartners Realty Holding* Co. *IV, L.L.C. v. Vallambrosa Holdings, L.L.C. (In re Vallambrosa Holdings, L.L.* C.), 419 B.R. 81, 89 (Bankr. S.D. Ga. 2009) (stating that rehabilitation in a Chapter 11 proceeding starts with a confirmable plan). "[W]hen a Chapter 11 debtor has no intention or ability to reorganize or perform its own liquidation or otherwise fulfill pertinent bankruptcy obligations...a debtor [should] not be permitted to remain in bankruptcy simply in order to enjoy the protections of the automatic stay." *In re Mazzocone,* 183 B.R. 402, 412 (Bankr. E.D. Pa. 1995), *affd,* 200 B.R. 568 (E.D. Pa. 1996).

25. In *In re Leonard O. Wallace,* the United States District Court for the District of Idaho determined that the bankruptcy case should be dismissed for loss or diminution of the

---

[2] While bankruptcy courts are not as stringent in assessing the feasibility of the debtor's proposed reorganization plan in evaluating the merits of a dismissal motion, when evidence raises a bona fide question as to whether there is a reasonable likelihood of a successful reorganization, the debtor must make some record to support the conclusion that the proposed reorganization has some plausibility and is not a "mere financial pipe dream." *In re 6200 Ridge, Inc.,* 69 B.R. 837, 843 (Bankr. E.D. Pa. 1987).

estate due to the fact that the debtors failed to provide adequate information in their monthly reports as to where, "the money was going, and more importantly why it was disappearing." *In re Leonard O. Wallace,* 2011 WL 1230535, *2 (Dist. Ct. D.Idaho (2011). Furthermore, the court noted that the bankruptcy court had found that the debtors showed "no cogent outline of a proposed reorganization or restructure." *Id.*

26. In this case, Debtor has failed to provide financial information as to its business. Schedules A and B have not been filed, and Debtor has failed to provide a budget and its petition indicates that it has failed to pay its critical vendors, despite having additional cash from not making mortgage payments for three years.

27. Further, Fifth Third's appraisals from 2013 to 2014 show a significant decline in value and Fifth Third is significantly undersecured.[3] There is clearly no equity in the Property, and it is not necessary for a reorganization.

28. Debtor has been notified by the Ohio EPA of violations with its septic system which Debtor has continued to ignore for nearly four years, which has a negative impact on the value of the Real Estate.

**(ii) Gross Mismanagement by Debtor.**

29. While a debtor-in-possession is vested with significant powers under the provisions of the Bankruptcy Code, these powers come with concomitant responsibilities. In particular, a debtor-in-possession owes a fiduciary duty to its creditors. *In re G-I Holdings, Inc.,* 385 F.3d 313, 319 (3d Cir. 2004). Further, a debtor-in-possession has a duty to keep the court and its creditors informed about the status and condition of its business. *Petit v. New England Mortg. Services, Inc.,* 182 B.R. 64, 69 (D.Me. 1995); *In re Kholyavka,* 2008 WL

---

[3] While Fifth Third believes that it is significantly undersecured, it believes the value of the Property is significantly more than suggested by the Debtor in its schedules. The Medina County Auditor values the Real Estate at $1,756,680, which does not take into account the income from the business or the value of the Personal Property.

8

16-52298-amk    Doc 12    FILED 09/28/16    ENTERED 09/28/16 15:59:30    Page 8 of 13

3887653, *4 (Bankr. E.D. Pa. 2008) (noting that, "[Monthly operating reports] are the life blood of Chapter 11, enabling creditors to keep tabs on the debtor's post-petition operations").

30. Section 1112(b)(4)(B) provides that a Chapter 11 case may be dismissed due to "gross mismanagement of the estate." While one example may not evidence gross management, when taken together, it could constitute gross mismanagement by a debtor. *In re ARS Analytical, LLC,* 433 B.R. 848, 864 (Bankr. D. New Mexico 2010). Failure of a debtor to properly report income and expenses constitutes evidence of "gross mismanagement" under the Bankruptcy Code. *In re Halal 4 U LLC,* 2010 WL 3810860, *4 (Bankr. S.D.N.Y. 2010). Additionally, failure of a debtor to disclose assets on its petition and schedules constitutes gross mismanagement. *In re 210 West Liberty Holdings, LLC,* 2009 WL 1522047, *6 (Bankr. N.D.W.Va. 2009).

31. There is a complete absence of information of Debtor's income and expenses. There are significant concerns as to where all the revenues from the Property are going. Debtor has been concealing its financial information from Fifth Third for years, with this case being yet another attempt to prevent take-over of the Property by a third party such as a receiver to protect Debtor's creditors. This lack of information is gross mismanagement of the estate.

### (iii) Failure to Maintain Appropriate Insurance

32. The last evidence of insurance provided to Fifth Third expired on June 1, 2016. To date, Fifth Third has not received any paperwork from Debtor indicating that insurance is in place after June 1, 2016. Pursuant to Section 1112(b)(4)(C) the failure to maintain appropriate insurance that poses a risk to the estate or the public, is grounds for the dismissal of a bankruptcy proceeding. The failure to maintain insurance on a golf and banquet facility poses a

significant risk upon the public, Fifth Third, and the estate. Consequently, cause is established for the dismissal of Debtor's bankruptcy proceeding.

### (iv) Unauthorized Use of Cash Collateral by Debtor.

33. Fifth Third has not consented to the Debtor's use of Fifth Third's cash collateral. Unless and until Debtor provides a detailed annualized budget and financial information as to the income and expenses for the Property, Debtor should not be permitted to use Fifth Third's cash collateral.

34. Fifth Third is undersecured, and therefore Fifth Third has been harmed by Debtor's unauthorized utilization of its cash collateral, in violation of 11 U.S.C. §363(c)(2). Certainly, there is no evidence that the Debtor has segregated cash collateral from and after the Petition Date.

### B. There Exists No Unusual Circumstances.

35. Once a creditor has shown cause for conversion or dismissal, the burden shifts to the debtor to show "unusual circumstances" that establishes that such relief is not in the best interests of creditors and the estate. 11 U.S.C. § 1112(b) (2); *In re Prisco Properties, LLC,* 2010 WL 4412095, *5 (Bankr. D.N.J. 2010); *In re 15375 Memorial Corp.,* 2008 WL 2698678, *1 (D. Del. 2007); *In re KC's Pub, LLC,* 428 B.R. 612, 615 (Bankr. N.D. Pa. 2010).

36. The Bankruptcy Code does not define unusual circumstances. However, courts have determined that it "contemplates conditions that are not common in most chapter 11 cases." *In re Orbit Petroleum, Inc.,* 395 B.R. 145, 148 (Bankr.D.N.M. 2008) *(citing In re Fisher,* 2008 WL 1775123, at *5 (Bankr. D. Mont. 2008). "Such conditions must not only be unusual, they must also demonstrate that dismissal or conversion is not in the best interest of creditors and the estate. *In re Leonard O. Wallace,* 2011 WL 1230535 at *3.

10

37. Here, Fifth Third doubts that Debtor can provide evidence supporting an exception to dismissal under Section 1112(b)(1) or (b)(2). Rather, it is in the best interest of Debtor's creditors and the estate to dismiss this proceeding. *In re Hook,* 397 B.R. 544 (B.A.P. 10th Cir. 2008).

WHEREFORE, Fifth Third Bank respectfully requests that this court dismiss this bankruptcy case or convert the case to a proceeding under Chapter 7 of the Bankruptcy Code.

    Respectfully submitted,

    PLUNKETT COONEY
    Attorneys for Fifth Third Bank

By: */s/ Jeanna M. Weaver*
    Amelia A. Bower (0013474)
    Jeanna M. Weaver (0075186)
    300 E. Broad Street, Suite 590
    Columbus, Ohio 43215
    (614) 629-3000
    (614) 629-3019 Fax
    abower@plunkettcooney.com
    jweaver@plunkettcooney.com

11

16-52298-amk    Doc 12    FILED 09/28/16    ENTERED 09/28/16 15:59:30    Page 11 of 13

# NOTICE

The Creditor, Fifth Third Bank has filed a Motion to Dismiss or Convert in this case.

**Your rights may be affected. You should read these papers carefully and discuss them with your attention, if you have one in this Bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant said motion, or if you want the court to consider your views on the motion, then on or before **October 12, 2016,** you or your attorney must:

> File with the court a written request for hearing {or, *if the court requires a written response,* an answer, explaining your position} at:
>
> U.S. Bankruptcy Court
> Northern District of Ohio
> J.F. Seiberling Federal Building and U.S. Courthouse
> Two South Main Street, Room 455
> Akron, Ohio 44308

If you mail your request/response to the court for filing, you must mail it early enough so the court will **receive** it on or before **October 12, 2016.**

You must also mail a copy to:

> Amelia A. Bower, Esq.
> Jeanna Weaver, Esq.
> Plunkett Cooney
> 300 E. Broad St., Suite 590
> Columbus, Ohio 43215

If you or your attorney or not take these steps, the court may decide that you do not oppose this motion.

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing *Motion of Fifth Third Bank to Dismiss or Convert Pursuant to 11 U.S.C. §1112(b)* was served this 28th day of September, 2016 by regular U.S. mail, postage prepaid, upon the following:

                CHGC, Inc.
                5740 Center Road
                Valley City, OH 44280-9746

      The following parties and all others registered to receive notice electronically in this case will be served through the court's ECF System at the e-mail address registered with the court:

                Jonathan P. Blakely
                Attorney for Debtor in Possession
                jblakelylaw@windstream.net

                Office of the U.S. Trustee
                Derrick V. Rippy
                Attorney for U.S. Trustee
                Derrick.v.rippy@usdoj.gov

                */s/ Jeanna M. Weaver*
                Jeanna M. Weaver (0075186)

Open.20026.33038.17465816-1